IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MICHAEL GRIFFIN**                                                                           **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 3:20-cv-178-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

## ORDER GRANTING MOTION FOR ATTORNEY FEES

Before the Court is Plaintiff's motion for approval of $5,698.78 in attorney fees pursuant to § 206(b)(1) of the Social Security Act and 42 U.S.C. § 406(b). *See* [32] and [38]. The motion has been fully and supplementally briefed by both parties, all of which has been considered by the undersigned. For the reasons set out below, Plaintiff's request for approval of payment to his counsel from past-due benefits will be granted in the amount of $5,699.02.

On June 18, 2020, Michael Griffin filed a complaint for judicial review [1] in this Court to challenge the Commissioner's decision denying his application for supplemental security income and disability benefits. By Memorandum Opinion [27] and Final Judgment [28] dated September 13, 2021, this Court granted the Plaintiff's appeal to reverse the case and remand it to the Social Security Administration ("the agency") for further proceedings consistent with the court's opinion.

Plaintiff's counsel reports that following the Court's reversal and remand, the Commissioner issued a favorable decision, and on January 29, 2023, the agency issued a Notice of Award of past-due benefits. Pursuant to the notice, it appears to the court that the agency withheld a total of $18,210.37, which is less than 25% of Plaintiff's past-due benefits.[1] However, the notice also stated that "we [withheld] 25% of your past due benefits for attorney fee's (sic) and possible court costs." *See* [32-1] at 1.

---

[1] Plaintiff's past-due benefits totaled $78,061.10. 25% of this figure is equal to $19,515.27.

During a telephonic status conference [40] with the parties, Plaintiff's counsel represented to the court that any such potential miscalculation in the amount withheld is immaterial. Counsel for Plaintiff also notes a $6,000.00 fee has been approved for work performed at the administrative level, and $7,816.25 is what counsel received for fees under the Equal Access to Justice Act (EAJA), *see* Order [31] dated November 30, 2021. As such, counsel is now seeking $5,699.02, which is the difference as calculated by Plaintiff between the total amount withheld, $19,515.27, and the sum of the EAJA and agency fees. Plaintiff points out that the calculation contemplates a credit to Plaintiff of the smaller EAJA fee, consistent with an agreed upon fee contract. Counsel for Plaintiff has provided a copy of a fee contract for federal court services, wherein Plaintiff has agreed his attorney has the right to seek as much as 25% of his past-due benefits and refund or credit him with the smaller amount of any fee awarded from past-due benefits and an EAJA award.

In her responses, the Commissioner points out that if Plaintiff's counsel is awarded fees pursuant to the EAJA and Section 406(b), he must refund the amount of the smaller fee to Plaintiff. *See* [33] at 4; [41] at 2-3. In his briefing, counsel for Plaintiff "objects to the futile step of having to reimburse Plaintiff the $7,816.25 in EAJA fees" and requests that the Court approve and order payment of $5,699.02—which is the difference between the total of past-due benefits withheld ($19,515.27) and the sum of the EAJA fee received ($7,816.25) and the administrative fee ($6,000.00).[2]

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney fees for representing a claimant in administrative proceedings, §

---

[2] The court has updated these figures in accordance with Plaintiff's supplemental briefing [38].

406(b) governs the award of attorney fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 800 (2002). Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Fees under Section 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994). Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Nevertheless, agreements that provide for fees exceeding twenty-five percent of past-due benefits are unenforceable. *Id*. But even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.

Here, Plaintiff effectively requests approval of an award of $13,515.28 payable to his counsel from monies withheld by the agency from his past-due benefits. This would result in an effective hourly rate of approximately $352.60 for the 38.33 hours of reasonable work expended by counsel before this Court. *See* Order [31]. Following the analysis in *Bays v. Commissioner*, the Court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The Court first considers that counsel has presented a contingency fee agreement signed by Plaintiff, wherein Plaintiff acknowledges that his attorney will seek payment of attorney fees from past-due benefits awarded

for representing him in federal court. Second, the Court notes that counsel successfully argued Plaintiff's case before this Court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id.* at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, Plaintiff's counsel is an experienced Social Security attorney, and there is no indication of undue delay in the record on his part. Finally, the Section 406(b) fee requested, which includes but is not limited to the total EAJA fee which has been credited to Plaintiff, amounts to significantly less than 25% of Plaintiff's past-due benefits. Consequently, this amount is within the statutory limit imposed by Section 406(b)(1)(A). Combined with the $6,000.00 administrative fee, Plaintiff's counsel is due to receive the entire withheld amount of $19,515.27—equivalent to 25% of past-due benefits—as bargained for in the employment contract.

For the foregoing reasons, Plaintiff's motion for an award of attorney fees under 42 U.S.C. § 406(b) is GRANTED, **and payment to counsel for Plaintiff from Plaintiff's past-due benefits in the amount of $5,699.02 is approved.** Because Plaintiff's counsel credited the amount of the EAJA fee amount he already received, the Court will not require that counsel for Plaintiff reimburse Plaintiff any amount, and the remaining balance of Plaintiff's past-due benefits withheld by the agency shall be paid to Plaintiff.

**SO ORDERED** this, the 17th day of March, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**